UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| CHARLES W. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-CV-347-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| GOVERNOR STEVE BESHEAR, ET AL., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Charles W. Collins is an inmate confined in the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Collins has filed a civil rights complaint asserting claims under 42 U.S.C. § 1983. [R. 1][1]

The Court must conduct a preliminary review of Collins' complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Collins' complaint under a more

---

[1] The named defendants are: (1) Governor Steve Beshear; (2) Greg Stumbo, Speaker of the Kentucky House of Representatives; (3) John Tilley, Judiciary Committee Chair; (3) James Lawson, Senior Committee Staff Manager; (4) "Scott," the "Unknown" Staff Attorney to the Speaker *Pro Tem*; and (5) "Doe" Defendants (1-100), Staff and State Officials.

1

lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Collins' factual allegations as true, and liberally construes legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the complaint, the Court will dismiss it because Collins has failed to state grounds for relief under § 1983. The Court will also deny as moot Collins' motions seeking either a stay and/or the appointment of counsel.

## ALLEGATIONS OF THE COMPLAINT

Collins alleges that on January 12, 2012, he sent a letter to Kentucky Governor Steve Beshear stating his intention to file a petition of impeachment pursuant to Ky. Const. § 1.6 and K.R.S. § 63.030;[2] that he received no response from Governor Beshear; and that he subsequently filed his petition for impeachment on January 24, 2012. Collins did not identify the subject(s) of his impeachment petition. Collins further alleges that he contacted a legislative staff attorney, whom he identified as "Scott," and that "Scott" informed him that his impeachment petition had first been sent to the Committee on Committees in the Kentucky House of Representatives, but was later assigned to the House Judiciary Committee. [R. 1, p. 4] When Collins contacted John Tilley, Chairman of the House Judiciary Committee, to complain about the alleged mishandling

---

[2] K.R.S. § 63.030 provides:

(1) Any person may, by written petition to the House of Representatives, signed by himself, verified by his own affidavit and the affidavits of such others as he deems necessary, and setting forth the facts, pray the impeachment of any officer.

(2) The House shall refer the petition to a committee, with power to send for persons and papers, to report thereon.

of his impeachment petition, Tilley informed Collins that his impeachment petition would not be recalled from the Judiciary Committee and would not be acted upon. [*Id.*]

Collins claims that the legislative decision not to further process his impeachment petition deprived him of his rights to substantive and procedural due process guaranteed by the First and Fourteenth Amendments of the U.S. Constitution, and violated his rights under state law, *i.e.*, K.R.S. § 63.030 and Section 1. 6 of the Kentucky Constitution. Collins seeks $1 million in compensatory damages from the defendants in both their official and individual capacities, unspecified punitive damages, an order directing the defendants to provide him "with the proper impeachment process" during either the 2013 session of the Kentucky General Assembly and/or any special legislative session that may be called.

## DISCUSSION

Collins fails to state a claim upon which relief can be granted under § 1983 either as to his request for injunctive relief or his demand for monetary damages. To the extent that Collins seeks injunctive relief in the form of an order directing the defendants to process his impeachment petition during the 2013 legislative session, his claims are now moot. Article III of the United States Constitution limits this Court's jurisdiction to actual, ongoing "Cases" and "Controversies." U.S. Const. art. III. A controversy is no longer ongoing, or is moot, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Powell v. McCormack*, 395 U.S. 486, 496-97 (1969). Generally, a party lacks a sufficient present interest in the outcome of a case when events render a court unable to effectuate any relief in the event of a

favorable decision. *Murphy*, 455 U.S. at 481-82; *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 514 (1911). Because the 2013 session of the Kentucky Legislature has adjourned, this Court could not order any type of injunctive relief even assuming it had authority to do so.

Further, Collins is not entitled to monetary damages from any of the defendants in their official capacities because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Collins is also prohibited from recovering damages from the legislative defendants (Greg Stumbo, John Tilley, Staff Attorney "Scott," and James Lawson) in their individual capacities based on their alleged failure to process his impeachment petition. Collins correctly states that he had a right to submit an impeachment petition to the Kentucky House of Representatives under K.R.S. § 63.030, but beyond that, he had no further standing to advance his request to have unidentified officials impeached. The Kentucky Constitution §§ 66, 67, and 68 grant impeachment power to the House of Representatives, designate the Senate to conduct trials following impeachment, and empower only the General Assembly to both remove civil officers from office and disqualify them from holding future office. *See* Ky. Const. § 66 ("The House of Representatives shall have the sole power of impeachment."). As the Judicial Article of the Kentucky Constitution, adopted by the electorate, expressly provides, "[t]he impeachment

powers of the **general assembly** shall remain inviolate." Ky. Constitution § 109 (emphasis added). Thus, the Kentucky Constitution vests the legislative defendants with full authority and discretion to determine which civil officials, if any, should be impeached. Because the impeachment process is a special prerogative of the legislative branch of Kentucky state government, and because the House Judiciary Committee's decision not to take further action on Collins' impeachment petition was linked to its traditional legislative process and involved its discretionary policymaking, the legislative defendants enjoy immunity from suit under § 1983 as to Collins' claims concerning the impeachment process. *See Larsen v. Senate of Com. of Pa.*, 152 F.3d 240 (3d Cir.1998).

In *Larsen*, the Third Circuit determined that state legislators are entitled to legislative immunity as to their actions relating to impeachment procedures, explaining:

> Given that impeachments are matters "'which the Constitution places within the jurisdiction of either House,'" (citations omitted), and represent "'a field where legislators traditionally have power to act,'" (citations omitted), we are convinced that when legislators play the role they have been given in impeachment proceedings, they act within the sphere of legitimate legislative activity and within their legislative capacities. Thus, the necessity for independence requires that legislators be accorded legislative immunity and "not be questioned in any other place," U.S. Const. art. I, § 7, cl. 1, concerning their activity and their decision.

*Larsen*, 152 F.3d at. 251-52.

This Court adopts the rationale set forth in *Larsen* and concludes that the legislative defendants are entitled to legislative immunity from Collins' § 1983 claims. Further, because the Kentucky legislature has complete discretion to decide whether to advance impeachment proceedings, Collins' demand for monetary damages from Governor Steve Beshear in his individual capacity will be dismissed for failure to state a claim upon which relief can be granted.

Having dismissed Collins' underlying federal claims, the Court declines to exercise

jurisdiction over his pendent claims alleging a violation of his state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). Collins is free to assert them in state court. Collins has also filed a motion to stay this proceeding until counsel can be appointed on his behalf. [R. 7] Because this proceeding will be dismissed, Collins' motions seeking either a stay and/or the appointment of counsel will be denied as moot.

Finally, Collins has filed a four-page letter [R. 8] in which he appears to assert additional claims. In that letter, Collins mentioned in passing that his rights were violated by the alleged failure to process his impeachment petition, but he primarily complained about criminal and/or domestic violence charges filed against him in late 2012 in Madison County and/or Clark County. Collins initially requested preliminary injunctions prohibiting (1) the Madison County Attorney from serving a warrant on him, and (2) the enforcement of a domestic violence order issued in Clark County, *id.*, pp. 3-4, but subsequently retracted those requests, stating, "The above thoughts on preliminary injunction could not come through 12-CV-347-KKC." [*Id.*, p. 4] Collins then asked the Court how he could most effectively obtain an order prohibiting the state officials from taking action against him in those state court proceedings. [*Id.*]

The jurisdiction of federal courts is limited by Article III of the United States Constitution to consideration of actual cases and controversies, therefore federal courts are not permitted to render advisory opinions." *Adcock v. Firestone Tire and Rubber Co.*, 822 F.2d 623, 627 (6th Cir. 1987); *see In re Nicole Energy Servs., Inc.*, 423 B.R. 840, 847 (Bankr. S. D. Ohio Feb.25, 2010) ("The Court is not permitted to give legal advice to any party, represented or

not.") Accordingly, the Court can not give Collins the legal advice which he requests.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Charles W. Collins' 42 U.S.C. § 1983 claims are **DISMISSED WITH PREJUDICE**;

2. Collins' claims alleging the violation of state law are **DISMISSED WITHOUT PREJUDICE** to his asserting those claims in state court;

3. Collins' motion to stay and/or for the appointment of counsel [R. 7] are **DENIED** as **MOOT**;

4. The Court will enter an appropriate judgment; and

5. This action is **STRICKEN** from the active docket.

This September 23, 2013.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**